39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Cheryl Lynn KELLEHER; Robert Kelleher; Kristi J.
Grandovic; Leonard J. Grandovic; Maria
Grandovic, Defendants-Appellants.
 No. 93-35519.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 26, 1994.
 
 Before: LAY,** TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Cheryl Lynn Kelleher and Robert Kelleher (Kellehers) appeal the district court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm). State Farm sought a declaratory judgment regarding the scope of coverage under two liability policies issued to the Kellehers. The issue involved, to be decided under Montana law, was whether the Kellehers were entitled to underinsured motorist coverage under the terms of two policies issued to the Kellehers. The district court[1] found that no ambiguity existed and that the Kellehers had not in fact purchased underinsured coverage. We find no material dispute of fact and no error of law in the district court's opinion.
 
 
 3
 Cheryl Lynn Kelleher was injured by an underinsured motorist, Kristi J. Grandovic. State Farm paid the Kellehers the limit of Grandovic's liability policy of $25,000. Kellehers had also purchased their automobile insurance from State Farm and asserted that at the time they obtained their two policies, they believed that by purchasing uninsured motorist coverage they were also purchasing underinsured motorist coverage. They base their claim primarily on an alleged ambiguity in the application form executed by the Kellehers at the time they purchased their policies.
 
 
 4
 The Kellehers assert that the application form, which contained the words "SAME AS U LIMITS" following the space applicable to underinsured motorist vehicle coverage was ambiguous. They urge that under the circumstances they were led to believe that by purchasing uninsured motorist vehicle coverage, they thereby automatically received underinsured motorist vehicle coverage. As the application form demonstrates, no premium was paid for the underinsured motorist vehicle coverage. Notwithstanding, the Kellehers claim that the words "SAME AS U LIMITS" and a dashed line connecting the two boxes listing uninsured motor vehicle and the underinsured motor vehicle create this ambiguity. It is undisputed that the declaration page of the two policies issued to the Kellehers did not include underinsured motor vehicle coverage. The application form prepared by the State Farm agent reads as follows:
 
 
 5
 THE INSURANCE APPLIED FOR IS ONLY FOR THE COVERAGES INDICATED BY SPECIFIC PREMIUM ENTRY. IF PREMIUM CANNOT BE ENTERED, CHECK BOXES TO INDICATE COVERAGE REQUESTED. THE PREMIUM SHOWN BELOW MUST BE IN COMPLIANCE WITH THE COMPANY'S RULES AND RATES AND IS SUBJECT TO REVISION.
 
 
 6
 As the application form shows, a specific premium of $8.10 was entered on the Kellehers' application on the same line as "uninsured motor vehicle coverage." There was no corresponding premium entered for underinsured motor vehicle coverage. The district court found that the application was not ambiguous.[2] In so holding, the court stated as follows:
 
 
 7
 the court notes an insurance policy, like any other contract, is the final expression of the negotiations and intent of the parties. See, Haggerty v. Gallatin County, 717 P.2d 550, 555 (Mont.1986); Mont.Code Ann. Sec. 28-2-904 (1991). Whenever the terms of an agreement have been reduced to writing by the parties, it is considered as containing all those terms. Mont.Code Ann. Sec. 28-2-905(1). Consequently, it is axiomatic that the signer of a contract is presumed to have read and understood all he signs regardless of whether he actually examined the document. See, Johnson v. Estate of Skelton, 754 P.2d 828, 830 (Mont.1988); Wright v. Blevins, 705 P.2d 113, 117 (Mont.1985). The Kellehers have failed to present a persuasive argument excusing their failure to inquire into the coverage provided under the subject policies.
 
 
 8
 We find no error of law in the district court's ruling. The order granting summary judgment in favor of State Farm is affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Honorable Paul G. Hatfield, United States District Court, District of Montana
 
 
 [2]
 The application was signed by Robert Kelleher. Immediately above his signature is the following statement:
 I hereby apply for the insurance indicated and represent (1) I have read this application. (2) The statements hereon, including those made by any other application for automobile insurance to this company this date and which are incorporated by reference and made part of this application, are correct. (3) I am the sole owner of the described vehicle except as otherwise stated, and (4) the limits and coverages were selected by me.... (emphasis added).